The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on September 30, 2016, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: September 30, 2016**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | **Case No. 15-13018** |
| | : | |
| **Anthony John Ferrini** | | |
| **Claudia Mary Ferrini** | : | |
| | : | **Chapter 13** |
| | : | |
| **Debtors** | : | |
| | : | **Judge Arthur I. Harris** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| | : | |
| **Anthony John Ferrini** | | |
| **Claudia Mary Ferrini** | : | **Adversary No. 16-01095** |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **-vs-** | : | |

**CitiMortgage, Inc.** :

**Defendants.** :

## AGREED ORDER RESOLVING DEBTORS' ADVERSARY COMPLAINT

This matter having come before the Court upon the Debtors' Adversary Complaint (hereinafter "Complaint") filed herein on June 30, 2016 as Pacer Document# 1; and it appearing to the Court that the parties have agreed to a course of action which will otherwise resolve the Complaint; and the Court, being otherwise fully advised in the premises, hereby makes the following findings of facts, and issues the following Order with respect thereto:

1. On October 25, 2006, Debtors Claudia M. Ferrini and Anthony J. Ferrini (hereinafter "Debtors") executed a Promissory Note and a Mortgage given to Mortgage Electronic Registration Systems, Inc., as Nominee for Intervale Mortgage Corporation, its Successors and Assigns as security and collateral for the payment of the debt evidenced by the said Note. See Exhibits "A" and "B." On October 29, 2012, an Assignment of Mortgage was executed assigning the Mortgage to Creditor. See Exhibit "C". Pursuant to the terms of the Note, Debtors agreed to pay Creditor the entire principal balance, including interest and any other charges as allowed under the terms of the Note or Mortgage on or before November 1, 2021. Creditor currently holds a secure mortgage lien on Debtor's real property and principal residence known as 27347 Maurer Drive, Olmstead Falls, OH 44138.

2. The parties hereby agree that Creditor's claim will be treated as a general unsecured claim. Creditor shall amend its Proof of Claim as necessary.

3. Upon successful completion of the Chapter 13 plan and the issuance of the discharge order, Creditor shall release its subject mortgage lien.

4. In the event this bankruptcy is dismissed prior to its completion, or converted to any other case under Title 11 of the United States Code, this Agreed Order shall be void and the Creditor shall retain all rights under the note and mortgage, including its secured mortgage lien status.

5. This order is not effective in the absence of the granting of the Chapter 13 discharge. County or state officials are ordered to release said lien upon presentation of a copy of this order and a copy of the Chapter 13 discharge. The official may require the copies to be certified. If the official refuses to release the lien upon proper presentation of documents and fees, recordation of a certified copy of this order and a certified copy of the Chapter 13 discharge shall act as a release of the lien.

7. Debtors' Adversary Proceeding is hereby resolved subject to the provisions of this Agreed Order.

SO ORDERED.

###

SUBMITTED BY:

/s/ Mia L. Conner
Mia L. Conner, Esq. (#0078162)
LERNER, SAMPSON & ROTHFUSS, L.P.A.
120 East Fourth Street, Suite 800
Cincinnati, OH 45201-5480
(513) 241-3100 Ext. 3445
(513) 241-4094 Fax
ndohbk@lsrlaw.com

APPROVED BY:

/s/ Brian D. Flick, per email authority
Brian D. Flick #0081605
Marc E. Dann #0039425
William C. Behrens #0093031
The Dann Law Firm Co., LPA
PO Box 6031040
Cleveland, OH 44103
notices@dannlaw.com
216/373-0539 – phone
*Attorneys for Debtor*

COPIES TO:

Mia L. Conner, Esq.
LERNER, SAMPSON & ROTHFUSS
P.O. Box 5480
Cincinnati, OH 45201-5480
VIA ELECTRONIC SERVICE

Brian D. Flick
THE DANN LAW FIRM
PO Box 6031040
Cleveland, OH 44103
bflick@dannlaw.com
VIA ELECTRONIC SERVICE

Anthony John Ferrini
27347 Maurer Drive
Olmsted Township, OH 44138
ORDINARY U.S. MAIL, POSTAGE PRE-PAID

Claudia Mary Ferrini
27347 Maurer Drive
Olmsted Township, OH 44138
ORDINARY U.S. MAIL, POSTAGE PRE-PAID

# EXHIBIT A



NOTE

Loan Number [redacted]

OCTOBER 25, 2006 — NORTH OLMSTED, Ohio
City

27347 MAURER DRIVE, OLMSTED FALLS, OHIO 44138
Property Address City State Zip Code

**1 BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U S $64,200 00 (this amount will be called "principal"), plus interest, to the order of the Lender The Lender is Intervale Mortgage Corporation I understand that the Lender may transfer this Note The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder"

**2 INTEREST**

I will pay interest at a yearly rate of 11 84%

Interest will be charged on unpaid principal until the full amount of principal has been paid

**3 PAYMENTS**

I will pay principal and interest by making payments each month of U S $652.48

I will make my payments on the 1ST day of each month beginning on **DECEMBER 1, 2006** I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note If, on **NOVEMBER 1, 2021**, I still owe amounts under this Note, I will pay all those amounts, in full, on that date

I will make my monthly payments at **815 Reservoir Avenue, Cranston, Rhode Island 02910** or at a different place if required by the Note Holder

**4 BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of **FIFTEEN** calendar days after the date it is due, I will pay a late charge to the Note Holder The amount of the charge will be 3 0 % of my overdue payment, but not less than U S $ 15 00 and not more than U S $ N/A.

I will pay this late charge only once on any late payment

**(B) Notice From Note Holder**

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me

**(C) Default**

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its reasonable costs and expenses to the extent not prohibited by applicable law Those expenses include, for example, reasonable attorney's fees if specifically authorized by a court of law

**5 THIS NOTE SECURED BY A MORTGAGE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated **OCTOBER 25, 2006**, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note

**6 BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

I have the right to make payments of principal at any time before they are due A payment of principal only is known as a "prepayment" When I make a prepayment, I will tell the Note Holder in a letter that I am doing so A prepayment of all of the unpaid principal is known as a "full prepayment" A prepayment of only part of the unpaid principal is known as a "partial prepayment"

I may make a full prepayment or partial prepayment without paying any penalty The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes I may make a full prepayment at any time If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments

7 BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things Those things are (A) to demand payment of amounts due (known as "presentment"), (B) to give notice that amounts due have not been paid (known as "notice of dishonor"), (C) to obtain an official certification of nonpayment (known as a "protest") Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights These persons are known as "guarantors, sureties and endorsers "

8 GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address

9 RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things The Note Holder may enforce its rights under this Note against each of us individually or against all of us together This means that any one of us may be required to pay all of the amounts owed under this Note Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note

PAY TO THE ORDER OF
DECISION ONE MORTGAGE COMPANY, LLC
WITHOUT RECOURSE
Interstate Mortgage Corp
DECISION ONE MORTGAGE COMPANY LLC
For Interstate Mortgage Corp.
Deidre Theyken
Asst. Secretary

INTERSTATE MORTGAGE CORP COMPANY SEAL

CLAUDIA M FERRINI -Borrower

ANTHONY J FERRINI Borrower

Borrower

*(Sign Original Only)*

Without Recourse
For valuable consideration
Decision One Mortgage Company, LLC, LTD
Assigns all rights, title and interest to
CitiMortgage, Inc.
Decision One Mortgage Company, LLC LTD
Deidre Theyken
Asst. Secretary

DECISION ONE MORTGAGE COMPANY, LLC LTD COMPANY SEAL

Pay to the order of

without recourse on us
CitiMortgage Inc

Frank Myers Sr Vice President
CitiMortgage Inc

Form 3936 (page 3 of 3 pages)



# PREPAYMENT RIDER TO NOTE

THIS PREPAYMENT RIDER is made this 25TH day of OCTOBER, 2006, and is incorporated into and shall be deemed to amend and supplement the Note of the same date given by the undersigned (the "Borrower") in favor of Intervale Mortgage Corporation (the "Lender")

**6 BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

I have the right to make payments of principal at any time before they are due A payment of principal only is known as a "prepayment" When I make a prepayment, I will tell the Note Holder in writing that I am doing so A prepayment of all of the unpaid principal is known as a "full prepayment" A prepayment of only part of the unpaid principal is known as a "partial prepayment"

I may make a partial prepayment without paying any prepayment charge If I make a full prepayment within one (1) year of the date of this Note, I agree to pay a prepayment charge of 5% of the original principal amount of the loan, if I make a full prepayment more than one (1) year but within two (2) years of the date of this Note, I agree to pay a prepayment charge of 5% of the original principal amount of the loan The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes I may make a full prepayment at any time If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Prepayment Rider

_____ (Seal)
CLAUDIA M FERRINI -Borrower

_____ (Seal)
ANTHONY A FERRINI -Borrower

_____ (Seal)
-Borrower

OHIO PREPAYMENT RIDER - FIXED RATE, SECOND MORTGAGE

Loan Number [redacted]

# BALLOON PAYMENT RIDER TO NOTE

THIS BALLOON PAYMENT RIDER ("Rider") is made this 25TH day of OCTOBER, 2006, and amends a Note in the amount of $64,200.00 (the "Note") made by the person(s) who sign below ("Borrower") to INTERVALE MORTGAGE CORPORATION ("Lender")

"THIS LOAN IS PAYABLE IN FULL AT MATURITY YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER"

At least ninety (90) but not more than one hundred twenty (120) days prior to the Maturity Date, Lender must send Borrower a notice which states the Maturity Date and the amount of the "balloon payment" (which is the entire unpaid principal balance of loan and interest then due) which will be due on the Maturity Date (assuming all scheduled payments due between the date of the notice and the Maturity Date are made on time)

| | |
|---|---|
| Witness | CLAUDIA M FERRINI (Seal) -Borrower |
| Witness | ANTHONY J FERRINI (Seal) -Borrower |
| Witness | (Seal) -Borrower |

Loan Number [redacted]

## "ALSO KNOWN AS" STATEMENT

I, **ANTHONY J. FERRINI**, hereby certify that I am known by the following names:

ANTHONY FERRINI

My legal signature is as follows:

ANTHONY J. FERRINI

My Social Security Number is: [redacted]

"ALSO KNOWN AS" STATEMENT

Loan Number [redacted]

## "ALSO KNOWN AS" STATEMENT

I, CLAUDIA M. FERRINI, hereby certify that I am known by the following names:

CLAUDIA FERRINI

My legal signature is as follows: [signature]
CLAUDIA M. FERRINI

My Social Security Number is: [redacted]

# EXHIBIT B

Return TO:
Patriot Land Title Agency, Ltd.
6401 Rockside Road, Suite 401
Independence, Ohio 44131
06103832

**MORTGAGE**

Loan Number [redacted]
MIN: [redacted]

THIS MORTGAGE is made this 25TH day of OCTOBER, 2006, between the Mortgagor, CLAUDIA M FERRINI, and ANTHONY J FERRINI, WIFE AND HUSBAND (herein "Borrower"), and the Mortgagee, Mortgage Electronic Registration Systems, Inc. (herein "MERS"). MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. The Lender is Intervale Mortgage Corporation, a corporation organized and existing under the laws of RHODE ISLAND, whose address is 815 RESERVOIR AVENUE, CRANSTON, RHODE ISLAND 02910 (herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $64,200.00, which indebtedness is evidenced by Borrower's note dated OCTOBER 25, 2006 and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on NOVEMBER 1, 2021;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with the interest thereon; the payment of all other sums, with the interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County of CUYAHOGA, State of Ohio:

SEE ATTACHED SCHEDULE "A"

CUYAHOGA COUNTY RECORDE
PATRICK J. OMALLEY - 8
MORT 10/30/2006 02:16:18 PM
200610300970

Status
Title NOT Received
Hold For Bulk
No Date

which has the address of 27347 MAURER DRIVE, OLMSTED FALLS, [Street, City]

Ohio 44138 ("Property Address");
[Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, righ[ts], appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by [this] Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

# EXHIBIT "A" - Legal Description

Situated in the Township of Olmsted, County of Cuyahoga and State of Ohio: And known as being Sublot No. 149 in Woodgate Farms Subdivision Phase 4 of part of Original Olmsted Township Tract No. 3, as shown by the recorded plat in Volume 328 of Maps, Page 81 of Cuyahoga County Records, as appears by said plat, be the same more or less, but subject to all legal highways.

Permanent Parcel No. 265-22-004
Property Address: 27347 Maurer Drive, Olmsted Falls, Ohio 44138

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.





**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.





**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, court costs, and costs of documentary evidence, abstracts and title reports.**

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property, including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.





**21. Advances to Protect Security.** Disbursements made by Lender pursuant to paragraph 7 hereof, such as those for the payment of taxes, assessments, insurance premiums or costs incurred for the protection of the Property, shall be advances made pursuant to Section 5301.233 of the Ohio Code.

**22. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)]

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ 1-4 Family Rider |
| ☐ Graduated Payment Rider | ☐ Planned Unit Development Rider | ☐ Biweekly Payment Rider |
| ☐ Balloon Rider | ☐ Rate Improvement Rider | ☐ Second Home Rider |
| ☐ Other(s) [specify] | | |

**REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Executed this 25th day of October 2016.

Claudia M. Ferrini (Seal)
CLAUDIA M. FERRINI -Borrower

Anthony J. Ferrini (Seal)
ANTHONY J. FERRINI -Borrower

_______________ (Seal)
-Borrower

_______________ (Seal)
-Borrower

STATE OF OHIO, CUYAHOGA County ss:

On this 25th day of October, 2016, before me, a Notary Public in and for said County and State, personally appeared **CLAUDIA M FERRINI, and ANTHONY J FERRINI, WIFE AND HUSBAND** the individual(s) who executed the foregoing instrument and acknowledged that they did examine and read the same and did sign the foregoing instrument, and that the same is their free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

JOHN BOUMIS
[SEAL] Notary Public
In and for the State of Ohio
My Commission Expires

My Commission expires:

John Boumis
Notary Public

[Space Below This Line Reserved For Lender and Recorder]

When Recorded Mail To:

Decision One Mortgage Company, LLC
Servicing Agent for Intervale Mortgage Corporation
3023 HSBC Way
Fort Mill, South Carolina 29715

Form 3836 *(page 5 of 5 pages)*

## EXHIBIT C






### ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR INTERVALE MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS, WHOSE ADDRESS IS P.O. BOX 2026, FLINT, MI, 48501, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Mortgage with all interest secured thereby, all liens, and any rights due or to become due thereon to CITIMORTGAGE, INC., WHOSE ADDRESS IS 1000 TECHNOLOGY DRIVE, O'FALLON, MO 63368-2240 (800)283-7918, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).

Said Mortgage executed by: CLAUDIA M. FERRINI AND ANTHONY J. FERRINI (current owner) and recorded on 10/30/2006 in the record of mortgages Volume page and/or Instrument # 200610300970 in the office of the Recorder of CUYAHOGA, Ohio.

Dated on 10/29/2012 (MM/DD/YYYY).
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR INTERVALE MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS

By: Belinda Aguirre
BELINDA AGUIRRE
ASST. SECRETARY

STATE OF FLORIDA COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on 10/29/2012 (MM/DD/YYYY), by BELINDA AGUIRRE as ASST. SECRETARY for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR INTERVALE MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS, who, as such ASST. SECRETARY being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

Elizabeth A. Mustard
Notary Public State of Florida
My Commission # EE088429
Expires August 27, 2015
Bonded Thru Notary Public Underwriters

OH

ELIZABETH A. MUSTARD
Notary Public - State of FLORIDA
Commission expires: 08/27/2015

When Recorded Return To: CitiMortgage, Inc., C/O NTC 2100 Alt. 19 North, Palm Harbor, FL 34683
Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
CMAVR ████ - MERS MOM CJ4316070 MIN ████ MERS PHONE 1-888-679-6377
T2612104011 [C] FORMS\FRMOHX1